# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13-cv-76 | **DATE** | 1/28/13 |
| **CASE TITLE** | Thompson v. Markham Court House et al | | |

**DOCKET ENTRY TEXT**

Thompson's Application for Leave to Proceed *In Forma Pauperis* [3] is granted. Thompson's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is given thirty days from the date of this Order to file an Amended Complaint. Status hearing set for 3/5/13 at 9:30 a.m.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On January 4, 2013, Plaintiff Victor Thompson submitted a Complaint with an application to proceed without paying the customary $350 filing fee. Thompson brings his Complaint against Cook County Circuit Court and Anita Alvarez, the Cook County State's Attorney, alleging a claim under 42 U.S.C. § 1983. With respect to his *In Forma Pauperis* Application, Thompson states that he has no sources of income or equity. Therefore, Thompson's Application for Leave to Proceed *In Forma Pauperis* [3] is granted.

When presented with a case submitted with a request to proceed *in forma pauperis*, a court is obligated to dismiss the case if it determines at any time that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Thompson's Complaint would not survive a motion to dismiss because it fails to state a sufficient claim for relief against the named Defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "he was deprived of a right secured by the Constitution or laws of the United States," and (2) "the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Thompson states that the "jest[sic] of my complaint is unfair and unjust treatment by the presiding Judge and States Attorney on my case." Thompson

## STATEMENT

includes allegations, detailing various complaints regarding his courtroom experience. Thompson simply does not allege the  deprivation of a constitutional right.

Moreover, although Rule 8(a)(2) requires only a "short and plain statement of the claim," Thompson's Complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thompson has failed to meet this requirement here.

Because Thompson's Complaint fails to state a claim upon which relief may be granted, his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is given thirty days from the date of this Order to file an Amended Complaint. Status hearing set for 3/5/13 at 9:30 a.m.